**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOGAN BARROWES, | No. 10-55795 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-08659-R-PJW |
| v. | |
| AETNA HEALTH OF CALIFORNIA, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 8, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Logan Barrowes appeals the district court's order affirming Aetna's denial

of coverage for surgery to remove a brain tumor. Because Aetna abused its

discretion in concluding that the surgery was not an "emergency service" covered

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

by the plan, *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999) (en banc), we reverse.

The plan provides that out-of-network emergency services are covered if "the Member's symptoms were such that a prudent layperson, possessing average knowledge of health and medicine could reasonably expect the absence of immediate medical attention to result in serious jeopardy to the Member's health." Barrowes was told by doctors who examined him in a hospital in Irvine, California, that he had a tumor in his brain that could rupture and blind or kill him if he did not have it removed immediately. A prudent layperson, given this information, would certainly think that he needed to arrange for surgery as quickly as possible.

Aetna argues that Dr. Duma, an in-network neurosurgeon, could have provided immediate medical attention. That is clearly not so. Dr. Duma was definitely *not* available to consult over the Labor Day weekend. Given Barrowes's hemophilia, surgery would have to be further delayed while blood treatment occurred. A reasonable layperson would therefore seek to begin the treatment if at all possible over the holiday weekend, so as to have the operation as soon thereafter as possible.

Aetna maintains that it was nonetheless entitled to deny coverage for the operation because the record does not establish that Dr. Duma would *not* have

2

agreed to consult with Barrowes on the doctor's first day in the office and to schedule surgery as soon as the medical circumstances allowed thereafter. Aetna's reliance on this record gap to support denial of benefits is arbitrary and capricious. The relevant consideration is whether, given the emergent situation, Barrowes had any means of assuring himself in advance that Dr. Duma *would* be able to make him a priority on his return on Tuesday. Absolutely nothing in the record indicates that Barrowes had that assurance at the time he decided to go to Utah, where he was able to obtain immediate medical care due to his relation to a physician. Even now, nothing in the record confirms that Dr. Duma would have actually seen Barrowes on September 4, 2007, or operated as soon thereafter as medically appropriate. Furthermore, Barrowes was referred to Dr. Reichman in Utah by his primary care physician, Dr. Tsai. Setting aside the argument that this referral was operative under the plan, Barrowes at least acted as a reasonable layperson in relying on his primary care physician's advice that he travel to Utah for surgery.

Moreover, even assuming that Barrowes could have known that Dr. Duma was available to treat him on September 4th, that is still a full day after Barrowes saw Dr. Reichman in Utah and began preparing for surgery. Thus, however one looks at the matter, Barrowes obtained the essential operation at least a day sooner than he would have had he stayed in California. A reasonable lay person told that

3

his sight, or his life, could be lost in that day would not have waited for Dr. Duma if he had any alternative.

Barrowes therefore acted reasonably in determining that seeing a doctor in Utah arranged by his relative was the only way to ensure "*immediate* medical attention" for his life-threatening tumor, thereby avoiding "serious jeopardy" to his health. Aetna mistakenly regarded the record vacuum as to Dr. Duma's actual availability as somehow a basis for *denying* coverage for the services performed in Utah, rather than as establishing that Barrowes met the contract's standard for coverage for emergency services by seeking an assured alternative, and ignored the critical consideration that medical care sooner—including one day sooner—is better than later when one's very life is at stake. Because it ignored the relevant considerations that a prudent layperson would take into account in deciding whether to seek out-of-network emergency care, Aetna abused its discretion in concluding that Barrowes was not entitled to coverage under the policy's emergency services provision.

REVERSED.